IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN A. MILLER | § | |
| v. | § | CIVIL ACTION NO. 5:21cv139 |
| | | (Consolidated with 5:21cv127, |
| NICK CARR, ET AL. | § | 5:22cv11, and 5:22cv103) |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff John Miller, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se* but not *in forma pauperis*, filed these consolidated civil rights lawsuits under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas.

**I. Background**

Plaintiff paid the full filing fee and is not proceeding *in forma pauperis*. On January 12, 2023, the Court issued an order (Dkt. No. 27) stating that it was Plaintiff's obligation to effect service of process and explaining how to do so. The Court ordered that process be issued and that summons forms be delivered to the Plaintiff along with a copy of the Local Rules of Court. Plaintiff was advised that if service was not affected within 90 days, any defendant not served could be dismissed from the lawsuit without prejudice. To date, there is no indication that any Defendants have been served, nor has Plaintiff responded in any way to the order. In an "addendum to the complaint" (Dkt. No. 32), Plaintiff refers to himself as "John A. Miller, ad minion [sic] not under 'forma [pauperis] as service of process and obligation of affect,'" but he does not explain his failure to affect such service.

1

## II. Discussion

Fed. R Civ. P. 4(c)(1) specifies that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."

Fed. R. Civ. P. 4(m), which was set out in the Court's January 12, 2023, order, reads as follows:

> **Time Limit for Service**. If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

The Fifth Circuit has held that a litigant's *pro se* status does not excuse failure to effect proper service. *Systems Signs Supplies v. U.S. Department of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Bartz v. Adrian*, 169 F.App'x 241 at *1 (5th Cir. 2006). The responsibility for effecting service rests, at the end of the day, on the plaintiff. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

In *Thrasher v. City of Amarillo*, 709 F.3d 509, 511-12 (5th Cir. 2013), the plaintiff claimed that he had good cause for delay in service of process because he suffered from mental illness, he initially proceeded *in forma pauperis*, and he did not understand that he could not himself serve process on the defendants. Service was ultimately perfected, some five months after an extension of time had elapsed, but the district court dismissed the lawsuit for failure to show good cause for the delay. The Fifth Circuit affirmed the district court's dismissal of the lawsuit for failure to timely effect service of process.

In the present case, Plaintiff has not shown proof of service nor good cause for his failure to effect service of process, despite having had over nine months from the date of the Court's order in which to do so. The lawsuit should be dismissed without prejudice for failure to effect service of process.

The incidents forming the basis of the lawsuit occurred around September of 2021. Consequently, a dismissal without prejudice could operate as a dismissal with prejudice because of the operation of the statute of limitations. Such a circumstance existed in *Thrasher*, and the Fifth Circuit determined that the facts of that case - including the fact that the plaintiff was given multiple chances to serve the defendants, the plaintiff sought and received an extension but failed to serve within the extended time period, and the plaintiff failed to respond for six months to a motion to dismiss filed by the defendant - warranted dismissal despite the fact that the dismissal would effectively be with prejudice.

The present case is somewhat similar in that Plaintiff has had more than ample time in which to serve the Defendants and has not shown proof of service nor responded in any way to the Court's order for service. However, in the interest of justice, the Court has determined that a dismissal which is effectively with prejudice is not appropriate, and so the statute of limitations should be suspended in order to allow Plaintiff to refile, should he choose to do so.

## RECOMMENDATION

It is accordingly recommended that the above-styled consolidated civil actions be dismissed without prejudice for failure to effect service of process. Fed. R. Civ. P. 4(m). It is further recommended that the statute of limitations be suspended for a period of 30 days following the date of entry of final judgment.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the

Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 14th day of November, 2023.


J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE